## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AMBRE  MCGINN ET AL.**                                                          **CIVIL ACTION**

**VERSUS**                                                                                  **No. 11-3025**

**METROPOLITAN LIFE INSURANCE COMPANY**                              **SECTION I**

### ORDER AND REASONS

      Before the Court is a motion[1] filed by plaintiff, Ambre P. McGinn, to deny and rescind defendant's coverage and protection under the Employee Retirement Income Security Act ("ERISA") in the above-captioned matter. Defendant, Metropolitan Life Insurance Company ("MetLife"), filed an opposition.[2] Plaintiff also filed a supplemental memorandum,[3] after two orders by the Court directing her to do so,[4] clarifying that she is seeking partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[5] For the following reasons, the motion is **DENIED.**

---

[1] R. Doc. Nos. 21, 24.

[2] R. Doc. No. 22.

[3] R. Doc. No. 28.

[4] R. Doc. Nos. 23, 27.

[5] The Court notes that plaintiff's motion does not contain the term "summary judgment," and that plaintiff did not comply with Local Rule 56.1, which requires plaintiff to file "a separate and concise statement of the material facts which the moving party contends present no genuine issue." LR 56.1. MetLife has filed a motion for leave to file an opposition to plaintiff's supplemental memorandum, R. Doc. No. 31, and the opposition raises these same issues, R. Doc. No. 31-1.

      The Court further notes that the only evidence attached to plaintiff's motion is the police report regarding decedent's accident, R. Doc. No. 21-8, and plaintiff does not establish that such evidence is competent summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(2). The rest of the "evidence" discussed by plaintiff is a narrative description of MetLife's "records referenced by Bates Stamp pages," R. Doc. No. 21-5, at 3, but none of the described documents are in the record.

## BACKGROUND

Plaintiff, Ambre P. McGinn, filed the complaint in the above-captioned matter "individually and on behalf of her minor children, Joseph L. McGinn, IV and Shane P. McGinn."[6] Plaintiff's children are the beneficiaries of the life insurance policy of plaintiff's deceased husband, Joseph L. McGinn, III.[7] These benefits were provided pursuant to decedent's life insurance policy (the "Plan") sponsored by his former employer, Laitram, L.L.C. ("Laitram").[8] MetLife issued the group insurance policy that provided benefits under the Plan.[9]

Plaintiff alleges that on March 17, 2011, her husband was traveling up a ramp on the Pontchartrain Expressway when he was ejected from his motorcycle due to an alleged hit-and-run accident, thrown over the ramp's barrier onto the ground below, and died.[10] Plaintiff submitted a claim for life insurance and accidental death benefits under the Plan on March 18, 2011, and defendant paid such benefits to plaintiff.[11] However, plaintiff alleges that defendant refuses to pay accidental death benefits, which would double the amount paid to plaintiff under the Plan.[12]

Plaintiff filed this lawsuit in Louisiana state court, alleging bad faith and breach of contract in violation of state law.[13] After defendants removed the action to this Court,[14] defendant filed an answer alleging that plaintiff's state law claims were preempted by ERISA.[15]

---

[6] R. Doc. No. 1-1, at 1.
[7] R. Doc. No. 1-1, at 4; R. Doc. No. 5, at 2.
[8] R. Doc. No. 1-1, at 4; R. Doc. No. 5, at 2.
[9] R. Doc. No. 5, at 2.
[10] R. Doc. No. 1-1, at 4-5.
[11] R. Doc. No. 1-1, at 4-5; R. Doc. No. 5, at 2-3.
[12] R. Doc. No. 1-1, at 5.
[13] R. Doc. No. 1-1, at 5.
[14] R. Doc. No. 1.
[15] R. Doc. No. 5, at 3.

In the instant motion, plaintiff disputes that ERISA preempts her state law claims and now moves to "deny and rescind [defendant's] coverage and protection under [ERISA]."[16] Plaintiff first argues that "[d]efendant has forfeited all rights under ERISA by failing to involve a plan administrator, as required by ERISA."[17] Plaintiff also contends that she was denied due process because "[t]he same claims adjuster and claims examiner, who originally denied the claim, then acted as judge/jury for the appeal."[18]

Defendant responds that the instant case is governed by ERISA because "[i]t is clear from the express terms of the Plan that it is governed by ERISA, that Laitram is the Plan Sponsor and Plan Administrator, and that MetLife is the designated Claims Administrator charged with discretionary authority to make claim determinations."[19] Defendant denies plaintiff's due process claims as "frivolous and in large part nonsensical" and not based in law or fact.[20] Defendant also asserts that the motion falls below the standards required by Rule 11 of the Federal Rules of Civil Procedure[21]—that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

## STANDARD OF LAW

### A.    Summary Judgment Standard

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the

---

[16] R. Doc. No. 21-4, at 1.
[17] R. Doc. No. 21-5, at 3.
[18] R. Doc. No. 21-5, at 9.
[19] R. Doc. No. 22-6, at 4.
[20] R. Doc. No. 22-6, at 8.
[21] R. Doc. No. 22-6, at 2.

initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

### B.   ERISA

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see also id.* § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44-45 (1987); *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360,

362 (5th Cir. 2002). "The Supreme Court has adopted a broad construction of section 514(a) [ of ERISA, codified as 29 U.S.C. § 1144(a)], holding that 'ERISA's civil enforcement remedies were intended to be exclusive' in order to prevent the remedies available to ERISA beneficiaries from being 'supplemented or supplanted by varying state laws.'" *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992) (quoting *Pilot Life*, 481 U.S. at 56).

A "two-part analysis [determines] whether a state law claim is preempted under ERISA." *Hernandez*, 282 F.3d at 362 n.3. First, "a court examine[s] whether the benefit plan at issue constitutes an ERISA plan; and second, [it] determine[s] whether the claims 'relate to' the plan." *Id.* (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-40 (1990)).

The U.S. Court of Appeals for the Fifth Circuit "devised a comprehensive test for determining whether a particular plan qualifies as an 'employee welfare benefit plan.'" *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). Courts should consider "whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Id.*; *see also Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 279 (5th Cir. 2008); *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007); *Quatroy v. Quatroy*, No. 08-1582, 2008 WL 4091006, at *2 (E.D. La. Aug. 27, 2008) (Lemelle, J.). If a plan fails on any of these counts, it is not an ERISA plan. *Meredith*, 980 F.2d at 355.

First, in determining if a plan exists, the court examines "whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith*, 980 F.2d at 355 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)).

Second, a plan falls within the safe-harbor provision and, thus, "is not an ERISA plan if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan." *Id.* (citing 29 C.F.R. § 2510.3–1(j)(1) to (4)). A plan must satisfy all four criteria in order to be exempt under the safe-harbor provision. *Id.*

Third, courts consider whether a plan satisfies the "'primary elements of an ERISA 'employee welfare benefit plan' as defined by the statute: (1) whether an employer established or maintained the plan; and (2) whether the employer intended to provide benefits to its employees.'" *Id.* (quoting *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 183 (5th Cir. 1992), *cert. denied*, 506 U.S. 861 (1992)); *see also* 29 U.S.C. § 1002(1).

Finally, "a state law [claim] 'relates to' a benefit plan, 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Hogan*, 969 F.2d at 144 (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). The Fifth Circuit "ha[s] previously held that claims asserting breach of contract, breach of the covenant of good faith and fair dealing, and the intentional infliction of emotional distress[] are all 'related to' ERISA plans." *Hernandez*, 282 F.3d at 362 n.3 (citing *Hogan*, 969 F.2d at 144-45).

ERISA also provides that every employee benefit plan must be established and maintained in a written document that "provide[s] for one or more *named fiduciaries* who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1) (emphasis added). "'An ERISA fiduciary includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in

the plan's administration.'" *Reich v. Lancaster*, 55 F.3d 1034, 1046 (5th Cir. 1995) (quoting *Pacificare Inc. v. Martin*, 34 F.3d 834, 837 (9th Cir. 1994)); *see* 29 U.S.C. § 1002(21)(A).

Courts "'give[] the term fiduciary a liberal construction in keeping with the remedial purpose of ERISA.'" *Reich*, 55 F.3d at 1046 (alteration in original) (quoting *Am. Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Soc'y of the U.S.*, 841 F.2d 658, 662 (5th Cir. 1988)). "'[D]iscretion is the benchmark for fiduciary status under ERISA.'" *Id.* at 1048 (quoting *Maniace v. Commerce Bank*, 40 F.3d 264, 267 (8th Cir. 1994)). ERISA demands only that an employee benefit plan has presiding fiduciaries, and it does not address which fiduciaries should have which responsibilities; these determinations are made between a given plan's participants and detailed in the plan instrument. *See, e.g.*, *Cathey v. Dow Chem. Co. Med. Care Program*, 907 F.2d 554, 558 (5th Cir. 1990) ("[L]itigation has focused upon the language of ERISA-regulated plans and whether the instruments vest discretionary authority concerning entitlements with the fiduciary or administrator.").

## DISCUSSION

### A.   Applicability of ERISA

In determining whether plaintiff's state claims are preempted, the Court must initially determine whether the Plan was in fact an ERISA plan. *Hernandez*, 282 F.3d at 362 n.3. First, the Plan must meet the existence requirement. *Meredith*, 980 F.2d at 355. The Plan documents detail the intended benefits such as life insurance and accidental death insurance,[22] eligibility for such benefits,[23] potential beneficiaries such as spouses and children,[24] the source of financing (i.e., Laitram's payment for basic policies and employees' option to purchase supplemental

---

[22] *E.g.*, R. Doc. No. 22-2, at 4-16; R. Doc. No. 22-3, at 17; R. Doc. No. 22-4, at 10-18.
[23] *E.g.*, R. Doc. No. 22-3, at 1-10.
[24] R. Doc. No. 22-4, at 20.

insurance),[25] and the procedure for filing and receiving benefit claims.[26] Reading the Plan, "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id.* (internal quotation marks omitted). Accordingly, the Court finds that there is no genuine issue of material fact regarding the existence of the Plan. *See id.*

Second, the Plan must not fall within the safe-harbor exception established by the Department of Labor. When an employer pays its employees' plan premiums, the policy falls outside the safe-harbor provision because it fails the first safe-harbor requirement: absence of employer contribution. 29 C.F.R. §§ 2510.3–1(j)(1); *Read v. Sun Life Assurance Co. of Canada*, 268 F. App'x 369, 371 (5th Cir. 2008); *Tatum v. Special Ins. Servs.*, 82 F. App'x 877, 878 (5th Cir. 2003). Because the Plan provides that "[n]o contribution is required for Basic Life Insurance, Basic Dependent Life and Basic Accidental Death and Dismemberment Insurance," Laitram contributed to the plan by providing this insurance coverage free of charge to its employees.[27] Therefore, the Court finds that there is no genuine issue of material fact regarding the applicability of the safe-harbor exception. *See Read*, 268 F. App'x at 371.

Third, the Plan must also "satisf[y] the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees.'" *Meredith*, 980 F.2d at 355. ERISA defines an employee welfare benefit plan as:

> [A]ny plan, fund, or program . . . maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1); *see also House*, 499 F.3d at 450.

---

[25] *E.g.*, R. Doc. No. 22-5, at 2.
[26] *E.g.*, R. Doc. No. 22-4, at 19; R. Doc. No. 22-5, at 2-4.
[27] R. Doc. No. 22-5, at 2.

The Plan fits squarely within this definition. The Plan was established and maintained by Laitram for the purpose of providing its employees and their beneficiaries with benefits in the event of sickness, accident, disability, or death through the purchase of insurance from defendant.[28] *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990). Therefore, the Court finds no genuine issue of material fact regarding the final requirement for qualification as an ERISA employee welfare benefit plan. *See id.*

Finally, in order for ERISA to preempt plaintiff's state law claims, such claims must also "relate to" the Plan. *Hernandez*, 282 F.3d at 362 n.3. Plaintiff has asserted breach of contract and bad faith claims against defendant,[29] and the Fifth Circuit has held that both of these claims "relate to" ERISA plans. *Id.* at 362 n.2 (citing *Hogan*, 969 F.2d at 144-45). "These state law claims are analogous to those raised and found to have been preempted by ERISA in previous decisions." *Hogan*, 969 F.2d at 144 (citing *Hermann Hosp. v. MEBA Med. & Ben. Plan*, 845 F.2d 1286 (5th Cir. 1988) (holding that ERISA preempts common law claims for breach of contract)). Accordingly, plaintiff's claims relate to the Plan and they are preempted by ERISA.

### B.   Compliance with ERISA

Plaintiff contends that ERISA does not preempt her state law claims because defendant failed to comply with the statutory requirements of ERISA—specifically, that MetLife did not involve a "plan administrator" in the claims procedure.[30] Plaintiff asserts that it was improper and unprecedented for MetLife's "claims examiner" to decide plaintiff's claim for accidental death benefits,[31] and that claims may only be properly decided by a "plan administrator."[32]

---

[28] *E.g.*, R. Doc. No. 22-1, at 1-3.
[29] R. Doc. No. 1-1, at 5.
[30] R. Doc. No. 21-5, at 3, 7.
[31] R. Doc. No. 21-5, at 7, 9.
[32] R. Doc. No. 21-5, at 7-9.

Plaintiff cites no relevant ERISA case law supporting this contention.[33] MetLife responds that the Plan designated Laitram as plan administrator and MetLife as claims administrator with the discretionary authority to make claim determinations.[34]

ERISA requires that every employee benefit plan must be managed and administered by fiduciaries with discretionary authority. *See* 29 U.S.C. §§ 1002(21)(A), 1102(a)(1); *Reich*, 55 F.3d at 1046. The Plan lists Laitram as the "Plan Administrator"[35] and describes MetLife as an "other Plan fiduciar[y]."[36] Both Laitram and MetLife reserve the right to terminate the policy in certain situations, and Laitram maintains the authority to alter or terminate the plan at any time.[37] Though the plan does not *explicitly* name MetLife as a fiduciary,[38] "[i]nsurers can be ERISA fiduciaries if they are given the discretion to manage plan assets or to determine claims made against the plan. . . . [A]n insurer will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims." *Pacificare*, 34 F.3d at 837 (internal quotation marks omitted) (alterations in original); *see also Reich*, 55 F.3d at 1047.

The Plan explains the "Discretionary Authority of Plan Administrator and Other Plan Fiduciaries":

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or

---

[33] R. Doc. No. 21-5. In making the general contention that a party's failure to comply with a federal statute precludes preemption of state law under that statute, plaintiff relies solely on *Home Warranty Corp. v. Caldwell*, 777 F.2d 1455 (11th Cir. 1985), a product liability case.

[34] R. Doc. No. 22-6, at 4.

[35] R. Doc. No. 22-5, at 1-5.

[36] R. Doc. No. 22-5, at 5.

[37] R. Doc. No. 22-5, at 1.

[38] The Plan states, "The people who operate your Plan [are] called 'fiduciaries' of the Plan . . . ." R. Doc. No. 22-5, at 5. MetLife is the entity responsible for operating the Plan. *E.g.*, R. Doc. No. 22-5, at 1 ("The above listed benefits are insured by Metropolitan Life Insurance Company ('Metlife').")); *see also infra* note 40.

> determination made pursuant to such discretionary authority shall be given full
> force and effect, unless it can be shown that the interpretation or determination
> was arbitrary and capricious.[39]

Because MetLife has the authority to review claims, determine approvals or denials, and review appeals, MetLife is a fiduciary.[40] *See Pacificare*, 34 F.3d at 837; *Reich*, 55 F.3d at 1047. Accordingly, the Plan, by providing for a plan administrator and "other Plan fiduciaries" (that is, MetLife) with discretion to review claims, complies with ERISA's fiduciary requirement. *See* 29 U.S.C. §§ 1002(21)(A), 1102(a)(1).

Plaintiff's contention that only "plan administrators" can review and determine benefit claims is wholly unsupported by ERISA and relevant case law. Aside from generally requiring the presence of a fiduciary with discretionary authority, courts focus on the language of the ERISA-regulated plan at issue. *See, e.g.*, *Chandler v. Hartford Life*, 178 F. App'x 365, 369 (5th Cir. 2006); *Cathey*, 907 F.2d at 558. Courts have allowed fiduciaries who are not "plan administrators" to make benefit determinations. *See, e.g.*, *Parsons v. Metro. Life Ins. Co.*, No. 13-60895, 2014 WL 2547733, at *1 (5th Cir. June 6, 2014); *Chandler*, 178 F. App'x at 369; *Rusch v. United Health Grp. Inc.*, No. 12-00128, 2013 WL 3753947, at *7 (S.D. Tex. July 15, 2013) (Ramos, J.); *Firman v. Becon Constr. Co.*, 789 F. Supp. 2d 732, 736, 739-40 (S.D. Tex. 2011) (Werlein, J.), *aff'd sub nom. Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533 (5th Cir. 2012).

---

[39] R. Doc. No. 22-5, at 5.

[40] In *Winkler v. Metro. Life Ins. Co.*, 340 F. Supp. 2d 411 (S.D.N.Y. 2004), the court explained that while MetLife was never explicitly named as a plan fiduciary in the employee benefit plan, the plan's claim procedure—which was substantially similar to the Laitram plan—made "it crystal clear that MetLife is a fiduciary, as there is no question that it 'operates' the Plan." *Id.* at 414. The court also found that the exact language appearing in the Plan regarding discretionary authority indicated that "MetLife clearly falls within the term 'other Plan fiduciaries' as used in [the] discretion delegating provision." *Id.*; *cf.* R. Doc. No. 22-5, at 5.

"A plan claims administrator makes two general decisions when deciding whether to pay benefits: (1) finding the facts underlying the claim and (2) determining 'whether those facts constitute a claim to be honored under the *terms* of the plan.'" *Firman*, 789 F. Supp. 2d at 739 (quoting *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 394 (5th Cir. 1998)); *see also Parsons*, 2014 WL 2547733, at *1; *Chandler*, 178 F. App'x at 369. Because MetLife is the claims administrator under the Plan, it was entirely proper under ERISA for MetLife to make these decisions regarding plaintiff's accidental death claim. Plaintiff's argument that ERISA preemption does not apply is without merit.

### C.     Due Process

Finally, plaintiff alleges that she was denied due process because the same claims examiner who originally denied her accidental death benefits claim *may* have also reviewed and denied her appeal.[41] Plaintiff notes that it is unclear which claims examiner initially reviewed her claim.[42] Plaintiff also alleges that the same claims examiner who originally reviewed and denied her appeal also denied her claim after the appeal was reopened.[43] MetLife denies plaintiff's due process claims as "frivolous" and not based in law or fact.[44]

ERISA requires that "every employee benefit plan shall . . . (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a *full and fair review* by the appropriate named fiduciary of the decision denying the claim.." 29 U.S.C. § 1133 (emphasis added); *see also* 29 C.F.R. § 2560.503–1(h)(1). The Fifth Circuit has rejected the

---

[41] R. Doc. No. 21-5, at 5-9. Plaintiff also "contend[s] there is an element of civil fraud involved in the scenario and that [MetLife], under the circumstances shown and to be shown, has: a. Denied Plaintiffs' due process as provided by ERISA[;] b. Violated the mandates of ERISA[;] c. Failed to conduct a legal ERISA proceeding." R. Doc. No. 21-4, at 4. As discussed in this order and reasons, these arguments are meritless.
[42] R. Doc. No. 21-5, at 4.
[43] R. Doc. No. 21-5, at 5-6.
[44] R. Doc. No. 22-6, at 8.

argument that "the word review contemplates an examination and evaluation of the file by someone other than the various people who initially denied the claim." *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 598 (5th Cir. 1994) (internal quotation marks omitted); *see also Oatis v. ITT Hartford Ins. Grp.*, No. 96-1200, 1996 WL 732526, at *2 (E.D. La. Dec. 17, 1996) (Berrigan, J.) ("ERISA does not require appellate review by a different entity than that making the initial determination."). Plaintiff's argument is substantially identical to the one rejected in *Sweatman*. Accordingly, plaintiff's due process argument "is both legally and factually inaccurate." *Sweatman*, 39 F.3d at 598.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motion[45] for leave to file an opposition to plaintiff's supplemental memorandum is **GRANTED**.


New Orleans, Louisiana, July 10, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. No. 31.